IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-cr-00516-D |
| | § | |
| WILTON MCPHERSON BURT (04) | § | |
| JACKSON JACOB (08) | § | |
| DOUGLAS SUNG WON (09) | § | |
| MICHAEL BASSEM RIMLAWI (10) | § | |
| DAVID DAESUNG KIM (11) | § | |
| WILLIAM DANIEL NICHOLSON IV (12) | § | |
| SHAWN MARK HENRY (13) | § | |
| FRANK GONZALES JR. (16) | § | |
| ROYCE VAUGHN BICKLEIN (21) | § | |
| | § | |
| Defendants. | § | |

**JOINT MOTION FOR PROTECTIVE ORDER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants SHAWN MARK HENRY ("Dr. Henry"); DOUGLAS S. WON ("Dr. Won"), MICHAEL BASSEM RIMLAWI ("Dr. Rimlawi"), DAVID DAESUNG KIM ("Dr. Kim"), WILTON MCPHERSON BURT ("Mr. Burt"), FRANK GONZALES, JR. ("Dr. Gonzales"), JACKSON JACOB ("Mr. Jacob"), WILLIAM DANIEL NICHOLSON IV ("Dr. Nicholson"), and ROYCE VAUGHN BICKLEIN ("Mr. Bicklein") (collectively, "Defendants"), by and through their attorneys of record, file this Motion for Protective Order, in support of which they state as follows:

1. Defendants ask the Court to enter the protective order, which is attached as Exhibit 1, to protect the sensitive nature of certain documents that the government obtained during the course of its investigation from Forest Park Medical Center ("FPMC"), some of which contain HIPAA information, personal identifying information, non-public tax/financial

information, or other sensitive information. The Government recently notified the Defense that it is ready to start producing discovery to the Defense.

2. The Government also notified the Defense that it intended to file an ex parte motion seeking to protect all documentation that it obtained from FPMC. It attached a draft protective order that was overly broad, as it encompassed all documents and information in its possession, including those unrelated to FPMC. Attached as Exhibit 2 is the email and draft protective order that was sent by the Government to counsel for Dr. Henry on December 9, 2016.

3. Certain defendants objected to the Government's proposed protective order. Specifically, the Defense noted that the proposed protective order was overly broad because it encompassed documents and information that do not contain HIPAA information, personal identifying information, tax/financial information, or other sensitive information. Further, movants objected because the proposed protective order:

- Did not allow a defendant to possess any documentation, which is necessary to allow each defendant to participate in the defense of his/her case;

- Did not clearly spell out that documentation may be provided to experts;

- Did not allow the Defense to show documents to prospective witnesses outside of those locations set forth in paragraph (b), which is particularly problematic if counsel needs to meet with a witness where that witness works or lives; and

- Did not define "Potentially Privileged and Protected Material."

4. The Defense explained to the Government not only that its draft protective order was objectionable and hampered the ability to provide effective counsel, but also that it was improper and unnecessary to file its motion in an ex parte fashion, particularly when the

proposed protective order had already been sent to counsel for all or nearly all defendants. The Defense further explained that, under Fed. R. Crim. P. 16(d)(1), "[t]he court *may* permit a party to show good cause by a written statement that the court will inspect ex parte," which does not imply that a motion for protective order *must* be filed ex parte. Fed. R. Crim. P. 16(d)(1) (emphasis added). The Defense suggested that the Government may file a written statement of good cause ex parte if it requires sealed communications, but that it should file its motion for all defendants to see and respond to. This practice is consistent with the Advisory Committee Notes to the 1975 Enactment of FRCP 16, which provides that:

> The Committee changed subdivision (d)(1), which deals with protective orders. Proposed (d)(1) required the court to conduct an ex parte proceeding whenever a party so requested. The Committee changed the mandatory language to permissive language. A Court may, not must, conduct an ex parte proceeding if a party so requests. Thus, if a party requests a protective or modifying order and asks to make its showing ex parte, the court has two separate determinations to make. First, it must determine whether an ex parte proceeding is appropriate, bearing in mind that ex parte proceedings are disfavored and not to be encouraged. [An ex parte proceeding would seem to be appropriate if any adversary proceeding would defeat the purpose of the protective or modifying order. For example, the identify of a witness would be disclosed and the purpose of the protective order is to conceal that witness' identity.]  Second, it must determine whether a protective or modifying order shall issue.

Fed. R. Crim. P. 16.

5.      Rather than litigate the propriety of filing a motion for protective order ex parte, movants file this motion for protective order.

6.      Even though the Government should have segregated sensitive FPMC materials prior to Indictment so as to narrow the scope of documentation that properly should be protected under a protective order, movants do not oppose the government's efforts to protect this sensitive information and are willing to characterize all FPMC information as being subject to protection.

7. Movants are not, however, willing to agree that other information obtained by the government during the course of its investigation is entitled to protection because such information simply does not constitute sensitive information.

8. On a related note, the Government also indicated that the Court previously entered a FRE 502(d) order to protect the attorney-client privileged nature of certain documents within the FPMC documents. While the Government should have segregated such privileged information from the FPMC materials prior to Indictment to extend 502(d) protection to such documents (or required FPMC to do so prior to receiving the same), the Government has indicated that privileged materials are substantially commingled amongst the FPMC materials. In order to expedite the Government's discovery production, Defendants are willing to allow the Court to continue 502(d) protection to those documents to which the Order previously applied, but reserve the right to challenge the privilege designation. To that end, the attached protective order provides for the same.

9. Accordingly, Defendants request that the Court enter the attached protective order to protect sensitive and privileged information contained within the FPMC documents that the Government intends to produce to the Defense.

Date:  December 22, 2016                                    Respectfully submitted,

**POLSINELLI PC**

By:    */s/ William B. Mateja*
       William B. Mateja
       Texas Bar No. 13185350
       mateja@polsinelli.com
       Jason C. Hoggan
       Texas Bar No. 24083188
       jhoggan@polsinelli.com
       2950 N. Harwood St., Suite 2100
       Dallas, Texas 75201
       Telephone: (214) 754-5751
       Facsimile:  (214) 397-0033

       **ATTORNEYS FOR DEFENDANT
       SHAWN MARK HENRY**

       */s/ Lea F. Courington*
       Lea F. Courington (TX: 04890300)
       Email:  LCourington@dykema.com
       Direct:  (214) 462-6491
       Facsimile:  (855) 256-1481
       Edwin J. Tomko (TX: 20117800)
       Email:  ETomko@dykema.com
       Direct:  (214) 462-6447
       Facsimile:  (888) 293-6835
       Dykema Cox Smith
       Comerica Bank Tower
       1717 Main Street, Suite 4200
       Dallas, Texas  75201
       Main:  (214) 462-6400

       **ATTORNEYS FOR DEFENDANT
       WILTON MCPHERSON BURT**

       *s/ Mark L. Watson*
       Mark L. Watson (TX: 20954800)
       mark@mwatson.com
       5851 McCommas
       Dallas, TX 75206
       Telephone: (214) 912-8181

       **ATTORNEY FOR DEFENDANT
       JACKSON JACOB**

      */s/ Paul E. Coggins*
Paul E. Coggins, Attorney-in-Charge
Texas Bar No. 04500700
pcoggins@lockelord.com
Kelly R. Vickers
Texas Bar No. 24041827
kvickers@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone (214) 740-8000
Facsimile (214) 740-8800

**ATTORNEYS FOR DEFENDANT
DOUGLAS S. WON**

      */s/ Matthew Orwig*
Matthew Orwig
Texas Bar No. 15325300
morwig@jonesday.com
Lindsay Hedrick
Texas Bar No. 24067655
lahedrick@jonesday.com
Jones Day
2727 North Harwood Street
Dallas, TX 75201
T: (214) 220-3939
F: (214) 969-5100

**ATTORNEYS FOR DEFENDANT
MICHAEL RIMLAWI**

      */s/ Stacy L. Brainin*
Stacy L. Brainin
Texas Bar No. 02863075
stacy.brainin@haynesboone.com
Ronald W. Breaux
Texas Bar No. 02937200
ron.breaux@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Ave., Suite 700
Dallas, TX 75219
T: (214) 651-5000
F: (214) 651-5940

**ATTORNEYS FOR DEFENDANT
DAVID KIM**

*/s/ Thomas M. Melsheimer*
THOMAS M. MELSHEIMER
Texas Bar No. 13922550
melsheimer@fr.com
SCOTT C. THOMAS
Texas Bar No. 24046964
sthomas@fr.com
GRANT K. SCHMIDT
Texas Bar No. 24084579
gschmidt@fr.com
FISH & RICHARDSON
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

**ATTORNEYS FOR DEFENDANT
WILLIAM DANIEL NICHOLSON IV**

*/s/ William Kim Wade*
William Kim Wade
Texas Bar No. 20642100
kwade@wadelaw.com
12700 Preston Road, Suite 265
Dallas, Texas 75230
Telephone: (214) 346-2946
Facsimile: (214) 346-2947

**ATTORNEY FOR DEFENDANT
WADE NEAL BARKER**

*/s/ Adam Kobs*
Adam Kobs, *pro hac vice*
Texas Bar No. 24000991
akobs@hotmail.com
310 S. Saint Mary's St. Ste. 1920
San Antonio, TX 78205
Telephone: (210) 223-4177

**ATTORNEY FOR DEFENDANT
ROYCE VAUGHN BICKLEIN**

**CERTIFICATE OF CONFERENCE**

I, Jason C. Hoggan, counsel for Defendant SHAWN MARK HENRY, certify that on the 22nd day of December, 2016, I conferred with Assistant United States Attorney Katherine Pfeifle, who stated that she is opposed to this motion. In addition, I conferred with or attempted to confer with counsel for all other named defendants. Counsel for those defendants named above approved the motion, including Defendants DOUGLAS S. WON, MICHAEL BASSEM RIMLAWI, DAVID DAESUNG KIM, WILTON MCPHERSON BURT, FRANK GONZALES, JR., JACKSON JACOB, WILLIAM DANIEL NICHOLSON IV, and ROYCE VAUGHN BICKLEIN. I contacted counsel for the remaining defendants via email and/or phone message, but had received no response from them at the time of filing. I was unable to confer with Defendant MRUGESHKUMAR KUMAR SHAH, who is not currently represented by counsel and has not provided contact information.

*/s/ Jason C. Hoggan*
Jason C. Hoggan