IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW JONATHAN HILLMAN (19) | NO. 3:16-CR-00516-JJZ |

# PLEA AGREEMENT

The defendant, Andrew Jonathan Hillman, the defendant's attorney, Brian Poe, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The defendant understands that he has the rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the superseding indictment charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Pay and Receive Health Care Bribes and Kickbacks. The defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose for Count One include:

a. imprisonment for a period of not more than five years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to Hillman or loss to the victims;

c. a term of supervised release of not more than three years, which may follow any term of imprisonment. If Hillman violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which shall be mandatory under the law; and

f. costs of incarceration and supervision.

4. **Sentencing agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the sentence in this case shall run concurrently with the sentence imposed in *United States v. Andrew Jonathan Hillman*, Case No. 3:18-CR-475-L. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreement that the sentence in this case shall run concurrently with the sentence imposed in *United States v. Andrew Jonathan Hillman*, Case No. 3:18-CR-475-L, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

5. **Rejection of agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to

withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

6. **Mandatory special assessment**: Prior to sentencing the defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Further, upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. The defendant understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant agrees not to seek release

from pretrial detention based on the government's dismissal, pursuant to paragraph 10 of this agreement, of *United States v. Andrew Hillman*, Case No. 3:18-CR-00401-S.

8. **Agreed Restitution**: Pursuant to 18 U.S.C. § 3663A and §3664(h), the defendant agrees to pay restitution to the victims of the offense of conviction jointly and severally with codefendant Semyon Narosov in the amount of $537,855.82. The parties agree that the identity and itemized loss amount payable to each victim may not be ascertainable until after completion of the pre-sentence report and/or sentencing hearing.

9. **Exclusion from the Medicare Program and Other Federal Health Care Programs**: The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all other Federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the, United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

10. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the superseding indictment and the original indictment as well as the indictment in *United States v.*

*Andrew Hillman*, Case No. 3:18-CR-00401-S. This agreement is limited to the United States Attorney's Offices for the Northern and Western Districts of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

11. **Violation of agreement**: The defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

12. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and

28 U.S.C. § 2255. The defendant further waives the defendant's right to seek any future reduction in the defendant's sentence (e.g., based on a change in sentencing guidelines or statutory law). The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

14. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 13th day of Sept., 2018.

ERIN NEALY COX
UNITED STATES ATTORNEY

MARCUS BUSCH
Section Chief

GREGG SOFER
Criminal Chief
Western District of Texas

ANDREW O. WIRMANI
Assistant United States Attorney
Texas Bar No. 24052287
Dallas, Texas 75242-1699
Tel: (214) 659-8600
Fax: (214) 659-8809
Email: andrew.wirmani@usdoj.gov

ANDREW JONATHAN HILLMAN
Defendant

BRIAN POE
Attorney for Defendant

**CERTIFICATION**

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

ANDREW JONATHAN HILLMAN
Defendant

9/13/18
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

BRIAN POE
Attorney for Defendant

9/13/18
Date